William R. HARRIS, et al., Plaintiffs,

v.

Edwin E. WELLS, Jr., et al., Defendants.

Edwin E. WELLS, Jr., et al., Plaintiffs,

v.

William R. HARRIS, et al., Defendants.

Nos. B–89–391 (WWE),
B–89–482 (WWE).

United States District Court,
D. Connecticut.

May 24, 1991.

See also 764 F.Supp. 743.

---

James F. Stapleton, Thomas D. Goldberg, Day, Berry & Howard, Stamford, Conn., for plaintiffs.

Robert N. Chatigny, Hartford, Conn., for Harry E. Peden, III.

Mark Stern, Stern & Miller, Westport, Conn., Richard B. Friedman, Lawrence M. Harnett, Marks, Murase & White, Diane Hull, New York City, pro hac vice, for Allan J. Lee.

Margaret M. Wynne, Mary E. Schifferli, Richard F. Lawler, Eugene J. Riccio, Kari A. Pedersen, Whitman & Ransom, Greenwich, Conn., for AroChem Intern., Inc. and AroChem Corp.

David P. Atkins, Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, P.C., Bayport, Conn., Richard D. Weinberg, Andrew J. Levander, Adam Rowland, Shereff, Friedman, Hoffman & Goodman, New York City, pro hac vice, for William R. Harris, V.J. Dispenza and Joseph Sheperd.

Thomas D. Goldberg, James F. Stapleton, Carole F. Wilder, Day, Berry & Howard, Stamford, Conn., Robert B. McCaw, Thomas F. Connell, Wilmer Cutler & Pickering, Washington, D.C., pro hac vice, John J. Walsh, Edwin David Robertson, Amy A. Marasco, Cadwalader, Wickersham & Taft, New York City, for S.L. Hutchison, Robert Johnson, Eric C. Johnson, Crail Fund, Victory Oil Co. and Victory Holding Co.

Peter M. Nolin, Schatz & Schatz, Ribicoff & Kotkin, Stamford, Conn., Joseph D. Pope, Werbel, McMillin & Carnelutti, Kevin J. Toner, James C. McMillin, New York City, for Allen & Co., Inc.

Scott S. Centrella, Richard E. Castiglioni, Diserio Martin O'Connor & Castiglioni, Stamford, Conn., Patrick Lynch, O'Melveny & Myers, Los Angeles, Cal., pro hac vice, Andrew J. Frackman, Diane Lopez, O'Melveny & Myers, New York City, Philip R. Kaplan, O'Melveny & Myers, Newport Beach, Cal., pro hac vice, for Edwin E. Wells, Jr., Stetson Capital Corp. and Allen Petroleum and Petrochemical Ventures Inc.

Andrew M. Schatz, Stephen W. Aronson, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for Harold Buirkle.

## RULING ON HARRIS'S MARCH 8, 1991 MOTION FOR PROTECTIVE ORDER

EGINTON, District Judge.

### BACKGROUND

The Court presumes familiarity with the complex procedural and factual background of these consolidated cases. The Court will briefly capsulize only those facts relevant to this Motion.

### FACTS

On September 6, 1990, this Court ruled on various discovery motions ("September Ruling"), including two protective orders sought by AroChem. (*See* Dkt. # 229). AroChem had requested the protective orders to prevent the Wells Group from engaging in discovery from certain non-parties. In granting the two protective orders, the Court decided that discovery should be stayed against these non-parties until the Wells Group reviewed the documents that would be produced as a result of the September Ruling. After such review, the Wells Group could move to vacate the orders if it demonstrated that it required other documents or information that could only be obtained from non-party discovery. Later, the Court reconsidered its September Ruling, and modified it to the extent that it permitted the Wells Group to obtain certain documents from a non-party, USA Petroleum. (*See* Dkt. # 233). Subsequently, the parties submitted a Consolidated Pretrial Discovery Order, approved by this Court, in which the parties consented to vacate the previous two protective orders, while reserving the right to move for future protective orders. (*See* Dkt. # 329).

In February, 1991, Wells noticed depositions of two non-parties, the Bank of New York ("BONY") and Connecticut National Bank ("CNB"). Wells maintains that the requested BONY discovery will reveal evidence of Harris' "kick-back" schemes with USA Petroleum and will disclose proof of Harris' improper personal trading. Therefore, Wells seeks *all* documents from BONY concerning Harris, AroChem or USA Petroleum, including all documents concerning Harris' personal bank accounts. Wells further contends that the CNB discovery will uncover improper dealings involving certain escrow accounts set up by Harris and AroChem, including allegations concerning Harris' personal withdrawal of $500,000.00 of AroChem funds when the escrow was terminated. Accordingly, Wells seeks *all* documents from CNB that relate in any way to Harris, AroChem, Victory, USA Petroleum or Titan. Harris now moves for a protective order to prevent the Wells Group from conducting such broad discovery from these two non-parties.

## ARGUMENTS

Harris argues that Wells' discovery of Harris' personal bank accounts should be limited to a reasonable scope to prevent an unwarranted intrusion into his private affairs that are unrelated to the transactions at issue in this action. Harris maintains that Wells should limit his BONY discovery to documents relating to transactions between Harris and USA Petroleum, or between AroChem and USA Petroleum. He contends that Wells's CNB discovery should be restricted to documents relating to the relevant escrow account, including the deposit of $500,000.00 into the escrow account from Account DDA No. 6533–5321, documents concerning any deposits into DDA No. 6533–5321 prior to the transfer of the $500,000.00 from that account into the escrow account, and other documents sufficient to identify the account-holder of DDA No. 6533–5321. Harris maintains that even though Wells has not alleged improper per-

sonal trading in his complaint, Wells is free to issue a subpoena on Harris' personal trading account at LIT America, and should not seek such discovery through the "back door" of Harris' BONY bank account.[1] Harris further argues that Wells subpoenas are contrary to the Court's September Ruling, and represent an attempt to circumvent that ruling.

Wells counters with the assertion that Harris has failed to show why the Court should block the production of "highly relevant" documents from BONY and CNB. Wells maintains that the BONY documents are pertinent to Harris' alleged "kick-back" scheme with USA Petroleum. For example, they maintain that over one million dollars were transferred from USA Petroleum to Harris' personal bank Account No. 123–0000685. Wells also argues that the BONY documents are relevant to Harris' alleged prohibited personal trading. Wells further maintains that the CNB discovery will evidence improper dealings involving certain escrow accounts set up by Harris and AroChem. Finally, Wells argues that Harris mischaracterizes the effect of the September protective orders and the scope of the September Ruling.

## DISCUSSION

■ Fed.R.Civ.P. 26(c) places the burden of persuasion on the party seeking the protective order. The movant must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group*, 785 F.2d 1108, 1121 (3d Cir.1986). This Court has previously recognized a particular need for protection against non-party discovery in this action. (*See* September Ruling). Harris' Motion for Protective Order is hereby ruled upon as follows:

## I. THE WELLS' GROUP "BONY" DISCOVERY REQUESTS

■ Wells discovery of BONY is limited to any and all documents and correspondence evidencing or relating to any transac-

---

**1.** The Court's September Ruling prohibited discovery of non-parties, including LIT America. However, the Court later approved the parties' Consolidated Pretrial Discovery Order, in which the parties consented to vacate the two previous protective orders concerning non-party discovery.

tion between *Harris* and USA Petroleum, or between AroChem and USA Petroleum, including all documents concerning any such transactions occurring within Harris's Account No. 123–0000685.

## II. THE WELLS' GROUP "CNB" DISCOVERY REQUESTS

Wells discovery of CNB is limited to any and all documents relating to the AroChem and Victory Escrow Account Number 01–36685–5, and AroChem Escrow Account Number 1316. Wells may also obtain all documents concerning the opening of Account DDA No. 6533–5321, including the signatories to the account. Wells may also subpoena documents concerning any deposits into DDA No. 6533–5321 that occurred prior to the transfer of the $500,000.00 from that account into the escrow account, and any documents relating to the deposit, withdrawal and subsequent transfer of the $500,000.00 into the escrow account. Finally, Wells may obtain any documents relating to the termination of DDA No. 6533–5321.

## III. WELLS' FAILURE TO DIRECT ITS NON–PARTY DISCOVERY REQUESTS TO THE COURT

The Court's September Ruling noted that unfettered non-party discovery could damage AroChem's business during the course of this litigation. The Court emphasized that "[c]onstant attempts to bring these business associates into this litigation may well have negative effects on these business relationships." Therefore, Wells nonparty discovery concerning Harris and AroChem will only proceed upon prior application to this Court. Wells will submit papers setting forth its reasonably particularized requests, and will demonstrate that the requested discovery can only be obtained from non-parties.

## CONCLUSION

For the foregoing reasons, Harris' Motion for Protective Order is GRANTED to the extent indicated above, and is otherwise DENIED. Harris is directed to file a proposed order on notice.